OPINION
Defendant-appellant, Tracy Patterson, appeals from a judgment of the Franklin County Court of Common Pleas imposing the maximum sentence for his conviction for felonious assault, a second degree felony. Defendant assigns a single error:
 THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING THE MAXIMUM SENTENCE ON THE DEFENDANT WHEN THE PURPOSES AND PRINCIPALS OF FELONY SENTENCING SUGGEST THAT THE MAXIMUM SENTENCE SHOULD NOT HAVE BEEN IMPOSED.
Because the trial court did not err in imposing the maximum sentence on defendant, we affirm.
Defendant was initially indicted on one count of attempted murder, one count of kidnapping, and one count of felonious assault, all arising out of his severely beating his girlfriend, Loretta Campbell. A jury found defendant not guilty of attempted murder, but guilty of both kidnapping and felonious assault. The trial court merged the two counts for sentencing, the state elected to have defendant sentenced on the kidnapping charge, and the trial court sentenced defendant accordingly.
Defendant appealed, and this court reversed the kidnapping conviction, finding it was not supported by sufficient evidence. State v. Patterson (Sept. 22, 1998), Franklin App. No. 97APA12-1682, unreported (1998 Opinions 4445). On remand, the trial court imposed the maximum sentence of eight years for defendant's felonious assault conviction. Defendant appeals his sentence, contending the trial court abused its discretion in imposing the maximum sentence under the circumstances of this case.
As noted in this court's prior opinion, defendant and Campbell were living together, and during the afternoon of June 4, 1997, Campbell had both consumed beer and smoked marijuana with a friend. In the evening of that day, Campbell and defendant drank considerable quantities of beer and smoked crack cocaine. Campbell eventually asked defendant for a cigarette. When defendant refused, Campbell snatched his cigarettes and ran from the bedroom into the living room. Defendant became angry and caught Campbell; they began fighting in the living room.
Although Campbell's memory was not entirely clear, she remembered defendant and she were hitting and threatening to kill each other, cursing, and "generally raising cain." Id. at 4447. Defendant hit Campbell with his fists, kicked her with steel-tipped work boots, and tried to put her head in a television. According to Campbell, the fight lasted approximately one and one-half hours. When defendant was in the kitchen, Campbell went into the bathroom to clean up, crawled out of the bathroom window, went to an upstairs apartment, and had her neighbor call the police. According to the medical records, she was taken to Park Medical Center, but Park Medical Center called Grant Hospital because the trauma level Campbell sustained was too high for Park Medical Center to treat.
In sentencing defendant, the trial court found that the offense was "the worst form of the offense and that Defendant poses the greatest likelihood of committing future offenses. The Court further found that any lesser sentence would demean the seriousness of the offense and that the maximum sentence is consistent with the purposes and principles of [sic] as stated in R.C. 2929.11." Defendant, however, contends in his single assignment of error that the trial court abused its discretion in imposing the maximum sentence because it does not comport with the requirements of the amended sentencing statutes.
The Supreme Court recently addressed the very issue defendant raises in his assignment of error. State v. Edmonson
(1999), 86 Ohio St.3d 324. In that case, Edmonson had been convicted in 1997 of one count of aggravated robbery. Although it was Edmonson's first prison sentence, the court sentenced him to the maximum term of imprisonment. In addressing precisely what the trial court is obliged to do to comply with the relevant statutes, the court first looked to R.C. 2929.14(B), which requires the trial court to impose a minimum sentence for first-time imprisonment unless it specifies on the record that the shortest prison term will demean the seriousness of the conduct or will not adequately protect the public from future crime by the offender. In interpreting that section, the court determined that the record of the sentencing hearing must reflect that the court "found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence." Id. at 326. It further noted, however, that R.C. 2929.14(B) "does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." (Emphasis sic.) Rather, the trial court need only find either of the two factors exists. Here, both in the sentencing hearing and in the judgment entry, the trial court found that a lesser sentence would demean the seriousness of the offense. Accordingly, the trial court met the statutory requirements of R.C. 2929.14(B).
In addition, "R.C. 2929.14(C) and 2929.19(B)(2)(d) prevent a court from imposing a maximum sentence for a single offense unless the court records findings that give its reasons for selecting the maximum." Id. at 325. R.C. 2929.14(C) "establishes the public policy disfavoring maximum sentences except for the most deserving offenders. * * *" Id. at 328. It imposes the longest term only on offenders who "committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * * and upon certain repeat violent offenders * * *." R.C.2929.14(C). R.C. 2929.19(B)(2)(d) establishes the procedure the trial court is to follow in imposing a maximum sentence on an offender for a single offense. Edmonson, supra, at 328. It requires the trial court to set forth its "reasons for imposing the maximum prison term." R.C. 2929.19(B)(2)(d). Thus, the trial court is not only required to make the requisite finding under R.C. 2929.14(C), but also to state its reasons, as required under R.C. 2929.19(B)(2)(d).
Here, the trial court clearly stated its findings. In the judgment entry, the court found that the offense "was the worst form of the offense, and that Defendant poses the greatest likelihood of committing future offenses." (Judgment Entry p. 2.) As the trial court explained:
 * * * The victim was literally unrecognizable because of the swelling, the head injuries, that she sustained.
 It is clear to me that this is not a case where a minimum sentence should be imposed. I think if a minimum sentence was imposed in this case, it would be a mockery. It would be absolutely ridiculous.
 This is a case where a maximum sentence is warranted to serve the purposes and the principles of the statute. It should reflect the seriousness of this offense and to make sure that is does not happen again.
 So the court will impose the maximum sentence of eight years on the case. (Tr. 5.)
At the prompting of the prosecution, the court explained further:
 This is a case where, granted, this is the first time the individual has been sent to the institution. Under the statute, normally a minimum sentence would be imposed. However, the court is at least allowed some discretion in the sentencing if that minimum sentencing would demean the seriousness of the offense, which, as I have indicated, because of the seriousness of this particular victim's injuries, she was hospitalized.
 Again, her face was literally unrecognizable. If you had the picture of her in the hospital compared to her when she sat here on the witness stand, albeit reluctantly, you would not have known that they were the same individual.
 The fact that there was a history of domestic violence between the two individuals, it was my opinion that we were lucky we weren't dealing with a murder case, quite frankly.
 It's all of those factors that indicate to me that it is more serious. I think that there's certainly the likelihood of recidivism for this type of offense, given the history, particularly, between these two individuals; and that in order to serve the purposes and principles of the statute, the maximum sentence has to be enforced on it. (Tr. 6-7.)
With that explanation, the trial court set forth its reasons for finding the case presented a worst form of felonious assault and for determining that recidivism was likely.
Moreover, the record amply supports the trial court's finding. According to the evidence, defendant repeatedly kicked Campbell with steel-toed work shoes, smashed her head with a television, cut her throat, and jabbed her arm with a screwdriver. Campbell suffered multiple hematomas, raccoon eyes, and fractured bones. Defendant nonetheless contends that to find the worst form of the offense, the trial court was required to consider the factors set forth in R.C. 2929.12(B) and (C). Defendant further contends, however, that applying the serious physical harm factor of R.C. 2929.12(B)(2) is illogical and unfair, because one of the elements of the felonious assault charge against defendant is "serious physical harm." See R.C. 2903.11(A)(1). Defendant's contentions, however, ignore the reality that serious physical harm may be in different degrees. Something less than the severe beating Campbell endured may well constitute serious physical harm for purposes of R.C. 2903.11(A)(1), but not be a worst form of the offense for purposes of the sentencing statute. Here, the facts are aggravated, the injuries are brutal, and the instigating infraction in Campbell's taking a pack of cigarettes is insubstantial.
Moreover, if we examine the factors in R.C. 2929.12(B) and (C) which determine whether the conduct is more or less serious than that normally constituting the offense, under R.C.2929.12(B)(2), Campbell suffered aggravated physical harm as a result of the offense, and none of the factors which indicate a less serious offense, as set forth in R.C. 2929.12(C), are present. While defendant contends that the victim induced or facilitated the offense under R.C. 2929.12(C)(1), Campbell's taking a package of cigarettes hardly induced the brutal beating she endured. For the same reasons, defendant can hardly be said to have acted under strong provocation. Finally, the record fails to reveal substantial grounds to mitigate defendant's conduct. R.C.2929.12(C)(4).
Given those factors, even if the trial court's reasons regarding defendant's likelihood to re-offend are insufficient, the reasons the trial court cited in support of finding defendant's conduct to be a worst form of the offense, are well-supported by the record. Because the trial court need only cite one of the factors set forth in R.C. 2929.14(C) in order to impose a maximum sentence, the trial court's decision to impose the maximum sentence meets the statutory requirements.
Under the facts of this case, the trial court did not err in sentencing defendant to the maximum possible term of imprisonment. See R.C. 2929.12(A). Accordingly, defendant's single assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
BOWMAN and KENNEDY, JJ., concur.